# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61929-BLOOM/Valle

MELINA ASHLEY IFILL

    Plaintiff,

v.

EUROPEAN WAX
CENTER, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant European Wax Center, Inc.'s ("Defendant") Motion to Dismiss, ECF No. [18] (the "Motion"). Plaintiff Melina Ashley Ifill ("Plaintiff" or "Ifill"), who is proceeding *pro se,* filed a Response, ECF No. [25], and documentation in support, *see* ECF No. [23], to which Defendant filed a Reply, ECF No. [27]. The Court has carefully considered the Motion, all opposing and supporting submissions, including Plaintiff's Sur-reply, ECF No. [31], the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.    BACKGROUND**

Plaintiff initially filed this case on August 17, 2018, and sought leave to proceed *in forma pauperis*, *see* ECF No. [1] ("Complaint"), alleging a basis for federal jurisdiction arising under Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. The Court dismissed the Complaint without prejudice, finding that Plaintiff failed to set forth any facts regarding the nature of her claim.

Thereafter, Plaintiff filed an Amended Complaint, ECF No. [6], asserting the same basis for the Court's jurisdiction, and specifying that her claims are for sex and pregnancy discrimination based on "[w]rongful termination violating, the American with Disability Act under Employment Laws . . . ." ECF No. [6] at 4.

In support of her claims, Plaintiff alleges that she accepted a position to begin training with a corporate wax trainer of Defendant in March of 2015. *Id*. at 6 ¶ 4. According to Plaintiff, she informed an individual named Trudy Bursztein that she was pregnant on June 15, 2015, and was immediately discriminated against because of her pregnancy. *Id*. ¶ 6. Ms. Bursztein allegedly questioned why Plaintiff had not told her sooner, and asked Plaintiff when Plaintiff planned to decrease her work hours, as she would be unable to perform her job as her pregnancy continued. *Id*. Bursztein then disclosed Plaintiff's pregnancy to several other employees and engaged in behavior that Plaintiff found to be embarrassing, such as offering to lend Plaintiff pregnancy clothes and asking her to return them in front of another associate, and informed Plaintiff in front of other associates that Bursztein had been interviewing other candidates. *Id*. at 7 ¶¶ 7-9. At the end of June of 2015, Bursztein met with Plaintiff privately to notify Plaintiff that her productivity was declining and suggested that Plaintiff reduce her work hours. *Id*. ¶ 10. Shortly after Plaintiff declined, Bursztein called Plaintiff and informed her that she was terminated. *Id*. ¶ 11. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), contending that she was discriminated on the basis of sex and pregnancy. *Id*. ¶ 14. The EEOC issued a right to sue letter on July 16, 2018. *Id*. ¶ 17.

Defendant seeks dismissal of the Amended Complaint under Rule 12(b)(6) for failure to state a claim, failure to exhaust administrative remedies, and asserting that Defendant was not Plaintiff's employer.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and

is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In addition, courts must liberally construe pleadings submitted by a *pro se* litigant. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id*. (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Ga. Dep't of Corr.*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

**III. ANALYSIS**

Defendant's principal argument for dismissal is that Plaintiff did not work for Defendant, but rather for a franchisee. Therefore, the Plaintiff has sued the wrong party. In support of its argument, Defendant has attached the affidavit of Rebecca Jones, the Chief People Officer for the corporate operations of European Wax Center. *See* ECF No. [18-1] ("Affidavit"). In the Affidavit, Ms. Jones asserts that European Wax Center franchise locations are individually owned and operated by independent franchisees of EWC Franchise, LLC pursuant to written franchise agreements. Moreover, Defendant did not employ Plaintiff, as the location where Plaintiff worked

was owned and operated by a franchisee called EWC Hollywood, LLC. *See id*. ¶¶ 8, 10. In response, Plaintiff has provided numerous documents, including a welcome letter from European Wax Center, email correspondence regarding settlement efforts undertaken during proceedings before the EEOC, the right to sue letter, a training packet for wax associates, European Wax Center client records, and numerous pay stubs to support her contention that she has sued the proper party. *See* ECF Nos. [6], [23], [25]. Upon review, however, the documents provided by Plaintiff do not establish that Defendant was her employer, nor does the Amended Complaint contain that allegation. Indeed, Plaintiff's contention that she has sued the correct Defendant is belied by the pay stubs she has provided, in which "EWC Hollywood, LLC" features prominently in the top left-hand corner. *See* ECF No. [6] at 12; ECF No. [23] at 22. Accordingly, the Amended Complaint is due to be dismissed upon this basis alone.

However, the Court notes further that it is unclear what claims Plaintiff is asserting in the Amended Complaint and the factual allegations are insufficient to satisfy Rules 8 and 10 of the Federal Rules of Civil Procedure. In addition to the requirements of Rule 8 as noted above, Rule 10 states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .] If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b).

Moreover, to state a claim for pregnancy discrimination, a plaintiff must allege that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees [not belonging to the class] more favorably; and (4) she was qualified to do the job." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)). Similarly, "[t]o establish

a prima facie Title VII retaliation claim, a plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) causation." *Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 891 (11th Cir. 2015) (citing *Chapter 7 Trustee*, 683 F.3d at 1258; *see also Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1334 (S.D. Fla. 2012).

Upon review, the Amended Complaint does not contain sufficient factual allegations to give rise to plausible claims of either discrimination or retaliation. Furthermore, to the extent that Plaintiff attempts to clarify her claims and expand upon the underlying facts in her Response and other filings in opposition to the Motion, those attempts are improper. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (noting that the Eleventh Circuit has "repeatedly [ ]held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). *See also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

Nevertheless, the Court does not agree that the dismissal should be with prejudice because the time has passed to file suit against a new defendant and that an amendment adding a new defendant only relates back to the initial filing if the party is added within the time period provided by Rule 4(m). First, because the Court has already determined that Defendant is not a correct party in this case, the Court will not adjudicate potential issues that Defendant appears to be raising on behalf of a party that Plaintiff has not yet attempted to sue.[1] Second, Rule 15 of the Federal Rules

---

[1] In addition, because the Court agrees that the Amended Complaint fails to clearly set forth the claims Plaintiff is asserting, or sufficient facts to give rise to plausible claims for relief, the Court will not now consider Defendant's argument that Plaintiff has failed to exhaust her administrative remedies with respect to claims for retaliation.

of Civil Procedure, which governs amendment to pleadings generally, states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Thus, the Court will provide Plaintiff the opportunity to amend, but notes that the failure to cure the stated deficiencies may result in a dismissal with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [18]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Amended Complaint, **ECF No. [6]**, is **DISMISSED WITHOUT PREJUDICE** and with leave to amend;

2. Plaintiff may file a second amended complaint against the proper defendant and address the pleading deficiencies as noted above, **on or before February 25, 2019**. Plaintiff shall have an additional thirty (30) days to serve the proper defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Melina Ashley Ifill, *pro se*
1504 Bay Rd Apt 1105C
Miami Beach, FL 33139