# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61929-BLOOM/Valle

MELINA ASHLEY IFILL

     Plaintiff,

v.

EUROPEAN WAX
CENTER, INC.,

     Defendant.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon two Motions to Dismiss filed by Defendant European Wax Center, Inc.'s ("European Wax Center") and Defendant EWC Hollywood, LLC ("EWC") (together, "Defendants"), ECF Nos. [39], [44] (the "Motions"). Plaintiff Melina Ashley Ifill ("Plaintiff" or "Ifill"), who is proceeding *pro se*, filed responses, ECF No. [40], [45]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed this case on August 17, 2018, ECF No. [1] ("Complaint"), asserting federal jurisdiction arising under Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. The Court dismissed the Complaint without prejudice, finding that Plaintiff failed to set forth any facts regarding the nature of her claim. Thereafter, Plaintiff filed an Amended Complaint, ECF No. [6], stating the same basis for the Court's jurisdiction and specifying that her claims are for sex and

pregnancy discrimination based on "[w]rongful termination violating, the American with Disability Act under Employment Laws . . . ." ECF No. [6] at 4. In support of her claims, Plaintiff alleged that she was discriminated against as a result of her pregnancy and ultimately terminated from her position by an individual named Trudy Bursztein. Thereafter, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), contending that she was discriminated on the basis of sex and pregnancy. The EEOC issued a right to sue letter on July 16, 2018.

Defendant European Wax Center sought dismissal of the Amended Complaint under Rule 12(b)(6) for failure to state a claim, failure to exhaust administrative remedies, and asserting that European Wax Center was not Plaintiff's employer. *See* ECF No. [18]. The Court granted European Wax Center's request in part, finding that Plaintiff had not adequately alleged that European Wax Center was her employer, and that the Amended Complaint did not contain sufficient factual allegations to give rise to plausible claims of either pregnancy discrimination or retaliation. Accordingly, the Court dismissed the Amended Complaint without prejudice and with leave to amend. *See* ECF No. [32] ("Order"). The Court also advised Plaintiff that the failure to cure the deficiencies outlined in the Order might result in dismissal with prejudice. *Id*. at 7.

Plaintiff filed her Second Amended Complaint, ECF No. [38] ("SAC"), on February 25, 2019. In support of her claims, Plaintiff alleges that she was employed by EWC, which Plaintiff has now also added as a Defendant in this case. *See* ECF No. [38]. Plaintiff further alleges that European Wax Center, as the corporate franchisor, held a significant amount of control over hiring processing, training franchise employees, the daily operations of franchise locations, scheduling guests for each location, and providing anti-discrimination training. *Id*. ¶ 1. In addition, Plaintiff alleges that she was scheduled by European Wax Center to train with a corporate trainer and that

all associates were required to comply with corporate policies and procedures. *Id.* ¶ 2. Plaintiff was granted access to an online social community available and accessible to all European Wax Center employees, whether corporate or franchisee-employed. *Id.* ¶ 3. According to Plaintiff, European Wax Center also managed daily operations for all locations because European Wax Center's Guest Relation Center, which was not operated by EWC, would schedule appointments for Plaintiff to service. *Id.* ¶ 4. As a result, Plaintiff was under the impression that although she was employed by EWC, European Wax Center also had employment responsibility. *Id.* ¶ 6.

Plaintiff received a pay raise after two months of employment, and thereafter informed Ms. Bursztein about her pregnancy. *Id.* ¶¶ 7-8. According to Plaintiff, Ms. Bursztein immediately began to discriminate against her, stating that Plaintiff looked tired and appeared to have less energy, and requesting that Plaintiff reduce her weekly hours. *Id.* ¶ 8. Ms. Bursztein also disclosed Plaintiff's pregnancy in front of the entire staff. *Id.* ¶ 9. Thereafter, Ms. Bursztein approached several associates, including Plaintiff, about increasing daily sales and then terminated Plaintiff for allegedly decreased sales when Plaintiff's service and retail sales had in fact improved. *Id.* ¶ 10. As a result, Plaintiff asserts a claim for wrongful termination based upon pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[1]

Defendants seek dismissal of the SAC for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing

---

[1] Despite the Court's noting in the Order that the Amended Complaint did not comply with Rule 10 of the Federal Rules of Civil Procedure in that it was not clear what claims Plaintiff was asserting, Plaintiff again has not set out her claims in separate counts in the SAC. Upon the Court's reading of the SAC, Plaintiff appears to be asserting one claim only under Title VII for pregnancy discrimination.

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In addition, courts must liberally construe pleadings submitted by a *pro se* litigant. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id*. (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Ga. Dep't of Corr.*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## III.    ANALYSIS

European Wax Center argues that the SAC should be dismissed with prejudice because Plaintiff concedes that European Wax Center was not her employer, and the SAC fails to state a plausible claim based upon joint employer liability. In addition, European Wax Center argues that Plaintiff again fails to allege the essential elements of a pregnancy discrimination claim. EWC argues that the SAC should be dismissed with prejudice because EWC is not an "employer" subject to Title VII, EWC and European Wax Center were not joint employers, and Plaintiff fails to state a claim for pregnancy discrimination. In her response to European Wax Center's Motion, Plaintiff did not address the substance to European Wax Center's arguments. In her response to EWC's Motion, Plaintiff asserts that Ms. Bursztein, a non-party in this case, owned three separate

franchise locations and that EWC should therefore be considered an "employer" under Title VII, Defendants were joint employers, and that Defendants have not provided any legitimate reasons for Plaintiff's termination. Upon review, the Court determines that Plaintiff has not alleged sufficient facts to state a plausible claim for pregnancy discrimination, nor has Plaintiff cured the deficiencies noted in the Court's prior Order.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As amended by the Pregnancy Discrimination Act of 1978, Title VII includes "pregnancy, childbirth, or related medical conditions" in its proscription on discrimination "because of sex." *See* 42 U.S.C. § 2000e(k).[2] As the Court set out in its prior Order, in order to state a claim for pregnancy discrimination, a plaintiff must allege that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees [not belonging to the class] more favorably; and (4) she was qualified to do the job." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)).

Even assuming that Defendants were Plaintiff's employers, upon review, Plaintiff fails to plead the third element of her claim – that her employer treated similarly situated employees more favorably. To establish the disparate treatment element of a prima facie case, a plaintiff may point to a similarly situated comparator who was not discriminated against. *Wilson v. B/E Aerospace,*

---

[2] The examination of a discrimination claim predicated upon sex, including pregnancy, and that predicated upon any other discrimination is the same. *See Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1312 (11th Cir. 1994) ("Rather than introducing new substantive provisions protecting the rights of pregnant women, the PDA brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination.").

*Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). To establish disparate treatment in this way, "a plaintiff asserting an intentional-discrimination claim . . . must demonstrate that she and her proffered comparators were 'similarly situated in all material respects.'" *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218 (11th Cir. 2019). In this case, the only allegation regarding other employees is that Ms. Bursztein approached "several associates" including Plaintiff [about] ways to increase daily sales. ECF No. [38], ¶ 10. However, this allegation does not appear to be logically connected to Plaintiff's claim for discrimination. The SAC contains no factual allegations regarding similarly situated employees or the way in which they were treated. Therefore, Plaintiff again fails to state a claim for pregnancy discrimination, and despite the Court's analysis in its prior Order, the SAC fails to cure the noted pleading deficiencies. Thus, the Court does not consider Defendants' remaining arguments for dismissal.

Defendants request that the dismissal be with prejudice as Plaintiff has been afforded two opportunities to amend but has failed to cure the identified deficiencies. The Court agrees. Rule 15 of the Federal Rules of Civil Procedure, which governs amendments, states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court's Order alerted Plaintiff to the relevant pleading standards after previously determining that Plaintiff had failed to allege sufficient facts to give rise to a plausible claim for discrimination in the Amended Complaint. However, Plaintiff has failed to cure those deficiencies in the SAC. Moreover, the Court cautioned Plaintiff that such failure to cure may result in a dismissal with prejudice.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. The Motions, **ECF Nos. [39]**, **[44]**, are **GRANTED.**

2. The Second Amended Complaint, **ECF No. [38]**, is **DISMISSED WITH PREJUDICE.**

3. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED.**

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Melina Ashley Ifill, *pro se*
1504 Bay Rd Apt 1105C
Miami Beach, FL 33139